**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-51098
Summary Calendar
_____


CARLA Y. BARBOSA,

Plaintiff-Appellant,

VERSUS

COUNTY OF EL PASO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-97-CV-148-DB)
_____
September 8, 1998


Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Carla Barbosa challenges the validity of a local court rule and appeals decisions on preliminary motions that prevented the introduction of evidence favorable to her Fair Labor Standards Act overtime compensation claim. Finding no reversible error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Barbosa, formerly an employee of El Paso County, began working as court coordinator for the Honorable Kathleen Olivares in 1994, when Olivares took over for her predecessor in the 205th District Court. Following the termination of her employment, Barbosa brought suit in state court under the Fair Labor Standards Act, alleging the county owed her overtime compensation for hours worked under Olivares. The county removed the suit to federal court on April 16, 1997. The next day, the court entered a scheduling order that included a provision pursuant to Local Rule CV-16(e) requiring Barbosa to designate potential witnesses and proposed exhibits within 75 days, or by July 1, and setting a discovery deadline of August 26.

Barbosa immediately initiated discovery, sending a deposition on written questions requesting, *inter alia*, the production of her desk calendars for the time she worked for Olivares, and other records of the hours she had worked. The county responded that the desk calendars were not in its possession; it produced time reports from the court and check registers from the county.

On June 10, the county sent written interrogatories and requests for production to Barbosa requesting the identity of documents that would support her claim for overtime. Barbosa identified no documents in her response and produced no records.

Barbosa soon encountered difficulties in scheduling a deposition of Olivares. When it became obvious the deposition would not be taken until mid-August, Barbosa moved to extend the deadline for designations. On June 18, the court did extend the designation deadline to September 2; on August 5, the court again extended the deadline, to September 19.

The county deposed Barbosa on September 4. In the deposition, Barbosa identified documentation that would substantiate her claim of overtime, including computer data and a telephone message book. On that same day, Barbosa filed her designation of exhibits, but failed to include the documents mentioned in her deposition.

Barbosa deposed Olivares on September 8, and Olivares denied any first-hand knowledge of Barbosa's hours. Barbosa then deposed two former colleagues still working for Olivares on September 25, both of whom denied Barbosa had worked overtime. Following that deposition, Barbosa served a subpoena, directed at her successor, requesting all computer data reflecting Barbosa's work, records of facsimile transmissions made by her during the disputed period, and any of her handwritten notepads. A follow-up subpoena requested her telephone message pads.

On September 30, the county moved to quash the subpoenas on the ground that the discovery deadline had passed on September 12. On October 1, Barbosa moved to compel production, which the court ordered the following day on the ground that the requested items fell under Barbosa's original April subpoena. The county produced

3

copies of the documents on October 3, and reticently produced the originals on October 10.

On October 9, Barbosa moved to amend her designations to include the subpoenaed documents. The county opposed the motion, and on October 15 the court denied it. Barbosa moved for reconsideration, presenting evidence of discrepancies between the copies and originals produced and of a computer virus found on some of the diskettes, raising concerns of incomplete disclosure, spoilation, and possible tampering. The court again denied the request to amend the designations, effectively excluding the exhibits from trial.

On October 20, the morning of trial, the county moved *in limine* to exclude any testimony and evidence of incomplete or tampered evidence. The court granted the motion.

Barbosa testified as to working overtime hours, but was directly contradicted by the testimony of the two former colleagues. The jury returned a verdict in favor of the county, on which the court entered final judgment. Barbosa now appeals the exclusion of the exhibits and evidence of tampering with and spoilation of evidence.

## II.

Wading through the recriminations and innuendo peppered throughout the briefs and the record, we find three issues to

4

address on appeal:  (1) Does Local Rule CV-16 violate the Federal Rules of Civil Procedure by establishing different deadlines for discovery and designations?  (2) Did the court err in denying Barbosa's motion to amend her designation of exhibits?  and (3) Did the court err in granting the county's motion in limine to exclude any evidence of tampering with or spoilation of evidence?  We address the issues *seriatim*.

### A.

Barbosa argues that Local Rule CV-16 is inconsistent with the Federal Rules of Civil Procedure.  The validity of a local court rule presents an issue of law to be determined *de novo* on appeal. *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 263 (5th Cir. 1997).

Local Rule CV-16 provides for the entry of a scheduling order at the initiation of every suit.  Rule CV-16(e), which recommends a timeline that is to be followed unless the court orders otherwise, requires the plaintiff to "file a pleading listing the identity of all potential witnesses and, in the case of expert witnesses, a written summary of the expert's proposed testimony, and a list of the proposed trial exhibits" within forty days of the filing of the first defendant's appearance.  The defendant must do the same within thirty days after the plaintiff's disclosure.

We find no inconsistency between Local Rule CV-16(e) and the

5

federal rules that would require us to declare the rule invalid. First, we question whether the rule's validity is properly in issue, because from the beginning the court provided deadlines more generous than those recommended in the rule. But assuming, *arguendo*, that the rule's validity is properly before us, we conclude that the rule comports with the federal rules.

Rule 83, FED. R. CIV. P., permits each district court to promulgate local rules to govern its practice, so long as they are consistent with other law and do not cause the forfeiture of rights for nonwillful failures to comply with requirements of form. The court's designation deadline is not a requirement of form; therefore, a willful violation is not necessary.[1] Nor does it conflict with other law.

The federal rules provide for their own designation deadlines, mandatory disclosure, and presumptive discovery limits in FED. R. CIV. P. 16 and 26, but those rules explicitly allow a district to opt out of or modify the time limits imposed and extent of automatic discovery. Indeed, the provisions of the federal rules act merely in default of a local rule. The Western District of Texas, in accordance with the federal rules, implemented Local Rules CV-16 and CV-26 to establish its own deadlines, preempting

---

[1] A requirement of form under rule 83(a)(2) refers literally to a rule regarding the form of pleadings, motions, etc., such as a rule requiring that something appear in one section of a motion or brief as opposed to another. FED. R. CIV. P. 83(a)(2), advisory committee note. Only a violation of a requirement of form must be willful before the court may sanction the party; a court may sanction any other violation of its local rules even if nonwillful.

6

rules 16 and 26 to the extent they are inconsistent. Finding no unauthorized inconsistency, we will not declare Local Rule CV-16 invalid.

## B.

Barbosa argues that it was improper for the court to exclude the exhibits by denying her motion for leave to amend her designations. A decision to exclude evidence as a means of enforcing a pre-trial scheduling order or local rule should not be disturbed absent a clear abuse of discretion. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

We have considered the following four factors in reviewing the exclusion of expert testimony because of untimely designation of the witness and in related contexts:

> (1) the explanation for the failure timely to designate/comply with the court's order;
>
> (2) the importance of the testimony/exhibit;
>
> (3) the potential prejudice that would arise in allowing the testimony/exhibit; and
>
> (4) the availability of a continuance to cure such prejudice.

*Id*. at 791; *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997); *EEOC v. General Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993). We examine the same four factors in reviewing the exercise of discretion to exclude untimely designated exhibits by refusing to allow amendment to the

designations.

Barbosa fails to provide a convincing explanation for the delay in designating the exhibits. She claims she did not designate them until after the deadline because she did not have them. But possession of the records is not a prerequisite to their designation. Barbosa knew of the records and believed they would be of assistance in substantiating her claim; that much is apparent from her reference to the documents during her September 4 deposition.

Barbosa further avers that she "did not learn the nature of the factual dispute concerning her hours until September 25, 1997," when she deposed her two former colleagues. Immediately after that deposition, she subpoenaed the records. Yet she waited almost two more weeks before moving to amend the designations. Furthermore, she was on notice before the deadline that the county disputed she had worked overtime. For example, both the county's amended answer filed on June 25 and its second amended answer filed on September 11 deny that Barbosa had worked overtime. Barbosa, aware of the factual dispute and the records that might substantiate her claim, should have designated the records as potential exhibits in her designations made prior to the deadline.

The exhibits undoubtedly were important to Barbosa. While it is true they were cumulative of her testimony and their exclusion was not tantamount to dismissal, they may have been valuable to corroborate her testimony in the face of contradictory testimony

8

from defense witnesses.

Allowing the late designation, however, could have caused prejudice to the county. Although the county had the records in its possession, it was not aware of their relevance to the suit, or perhaps even of their existence, until it deposed Barbosa on September 4. Even then, the county would not have known of their importance to Barbosa's case.

Barbosa did not specifically subpoena the records until September 25, and had failed to include them in her answer to an interrogatory requesting the identification of all records and documentation that might substantiate her claim. She failed to move to amend her designations until October 9, just eleven days before trial.

The county had prepared for trial for months without any awareness of the import of these records. The delay in designating the exhibits "would have disrupted the court's discovery schedule and the opponent's preparation." *Geiserman*, 893 F.2d at 791. A continuance could have cured such prejudice, but at the cost of increased expenses and additional delay in defending the law suit (regardless of where responsibility may fall for prior delays). In addition, "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id*. at 792.

Setting a deadline for designations serves a valuable purpose:

9

informing the opponent of what to expect in trial with sufficient lead-time to allow the opponent to prepare. Barbosa knew or should have known how important the records would be well before the deadline for designations; no explanation for the delay, other than ignorance, has been offered. The district court, with its more advantageous view of how the parties acted throughout discovery (and from our vantage point it appears both sides were less than cooperative), decided to enforce its third designations deadline and to deny Barbosa the opportunity to amend her designations after the deadline. We cannot say that the failure to grant the motion for leave to amend the designations amounted to an abuse of discretion.

C.

Barbosa challenges the exclusion of evidence regarding possible incomplete disclosure or tampering and spoilation of evidence. We review evidentiary rulings for abuse of discretion. *Smith v. Isuzu Motors Ltd.*, 137 F.3d 859, 861 (5th Cir. 1998); *Snyder v. Trepagnier*, 142 F.3d 791, 801 (5th Cir. 1998).

The court first excluded the evidence of "tampering and sabotage" in a colloquy with Barbosa's counsel on the morning before trial. The court later reiterated the ruling when addressing the county's motion *in limine* to exclude the same as

10

incompetent, irrelevant, and/or prejudicial. The court could have found the evidence incompetent with respect to the root or source of the evidentiary problems, irrelevant to the issues before the jury, or highly prejudicial to the county and with limited probative value. The court did not abuse its discretion in excluding any such evidence.

AFFIRMED.